UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

---

I.R.M., by and through his parent, L.M.,

 Plaintiffs,

vs.

Independent School District No. 739,
Kimball Area Public Schools,

 Defendant.

Civil File No. _____

**COMPLAINT**

---

Plaintiffs complain and assert as follows:

## I.

## PRELIMINARY STATEMENT

1. Plaintiff I.R.M., a minor, lives with his family in Clearwater, Minnesota.

2. I.R.M. attends public school at Kimball Area Public Schools.

3. I.R.M. is a student with disabilities entitled to special education services and the protections of the Individuals with Disabilities Education Act ("IDEA").

4. Plaintiff L.M. is Plaintiff I.R.M.'s parent.

5. Plaintiffs engaged the services of the undersigned law firm to represent them in two special education administrative Due Process hearings, Minnesota Department of Education ("MDE") File No. 23-014H, Office of Administrative Hearings ("OAH") File No. 8-1300-39140 and Minnesota Department of Education ("MDE") File No. 23-015H, Office of Administrative Hearings ("OAH") File No. 8-1300-39157.

6. The Plaintiffs' Due Process cases proceeded to hearing on May 1, 2, 3, 4, and 23, 2023.

7. On June 30, 2023, the Administrative Law Judge ("ALJ") issued an order granting the Plaintiffs the relief they requested.

8. This Complaint is a civil action brought against the Defendant to secure an award of statutory attorneys' fees pursuant to IDEA, 20 U.S.C. §1415(i)(3)(B)(i)(I).

## II.

## JURISDICTION

9. The Court has jurisdiction over this action pursuant to IDEA, 20 U.S.C. § 1415(i)(3)(A), which states: "The district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy."

10. IDEA allows this Court to make an award of attorneys' fees to a parent who is a prevailing party. "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i).

11. The relevant regulation implementing IDEA also allows this Court to make an award of attorneys' fees to a parent who is a prevailing party. "In any action or proceeding brought under section 615 of the Act, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to . . [t]he prevailing party who is the parent of a child with a disability." 34 CFR § 300.517(a)(1)(i).

12. Jurisdiction is also proper under relevant case law. "Courts may award attorneys' fees under IDEA for legal work performed in connection with administrative proceedings." *John T. ex rel Robert T. v. Iowa Dept. of Ed.*, 258 F. 3d 860, 866 (8th Cir. 2001). "Many circuits have held, and we agree, that this statute permits a parent to recover attorneys' fees after prevailing

2

at the state administrative level by filing a separate suit in federal court solely for that purpose." *Johnson v. Bismarck Public School Dist.*, 949 F.2d 1000, 1003 (8th Cir. 1991).

13. Venue in this district is authorized by 28 U.S.C. § 1391(b) because the Defendant conducts business in this district and all of the events described in this Complaint occurred in this district.

## III.

## PARTIES TO THE ACTION

14. Plaintiff I.R.M. ("Student") is a nine-year-old student who attends school at Kimball Area Public Schools. He is a citizen of the United States.

15. Plaintiff L.M. ("Parent") is the parent of I.R.M. She is also a citizen of the United States.

16. At the time of the Due Process hearings, Plaintiffs resided in the City of Clearwater, County of Stearns, State of Minnesota. At the time of the hearings, Plaintiff I.R.M. was open-enrolled in Kimball Area Public Schools. Kimball Area Public Schools is located in the County of Stearns, State of Minnesota.

17. At all times material herein, Defendant Kimball Area Public Schools (the "District") was a public corporate body, as well as a political subdivision operating in Stearns County, State of Minnesota under the management and control of the Kimball Area Public Schools School Board.

18. The Defendant District, at all times material to the administrative Due Process hearings, was the school district responsible for providing special education services to Plaintiff I.RM. pursuant to Minn. Stat. § 125A.03(a) ("every district must provide special instruction and services, either within the district or in another district, for all children with a disability").

IV.

STATEMENT OF CLAIM

19. Plaintiffs incorporate the allegations in the preceding paragraphs, as if alleged herein.

20. The Plaintiffs filed an initial Due Process Hearing Request on December 16, 2022.

21. The Plaintiffs' initial Due Process Hearing Request was dismissed by the Administrative Law Judge ("ALJ") on March 9, 2023.

22. The Plaintiffs filed a second Due Process Hearing Request, MDE File No. 23-014H, OAH File 8-1300-39140, on March 31, 2023.

23. The Plaintiffs' Due Process Hearing Request was comprised of three claims: 1) that the District had denied I.R.M. a free appropriate public education ("FAPE") by failing to include staff support for him to access his Autism Assistance Dog ("AAD") in his Individualized Education Program ("IEP"), 2) that the District had violated I.R.M.'s right to be educated in the least restrictive environment by requiring a third party to serve as his AAD's handler, and 3) that the District had violated I.R.M.'s rights under the Americans with Disabilities Act ("ADA") by denying him access to his AAD at school.

24. The Defendant filed its own Due Process Hearing Request, MDE File No. 23-015H, OAH File 8-1300-39157, against the Plaintiffs, on April 10, 2023.

25. The Defendant's Due Process Hearing Request was comprised of one claim: that the IEP proposed by the District on February 16, 2023 was appropriate to meet all of the Student's needs and provide him with FAPE. The Defendant's February 16, 2023 proposed IEP would require the Student to attend school full days, and not allow him to attend Applied Behavioral Analysis Therapy ("ABA") in the afternoons, as he had done since enrolling at the District.

26. Both Due Process Hearing Requests were consolidated, and they proceeding to hearing on May 1, 2, 3, 4, and 23, 2023.

27. On June 30, 2023, the ALJ issued his Findings of Fact, Conclusions of Law, and Order ("Order").  *See* Schellack Affidavit, ¶ 14.  The ALJ found in favor of the Plaintiffs on their first and primary claim, that staff support for the Student to access his AAD was necessary for the Student to receive FAPE.  The ALJ did not make any findings regarding the Plaintiffs' second claim related to the least restrictive environment.  As anticipated by the Plaintiffs and the Defendant, the ALJ dismissed the Plaintiffs' third count related to the ADA for lack of jurisdiction.  As the Plaintiffs acknowledged in their pleadings, their sole purpose in pleading an ADA claim in the administrative proceeding was to exhaust their administrative remedies and preserve their ADA claims for federal district court.

28. In his June 30, 2023 Order, the ALJ also found against the Defendant on its sole claim.  The ALJ found that the Defendant did not meet its burden of proving its proposed IEP provided the Student with FAPE.  Specifically, the ALJ found that the Defendant had not met its burden of proving that its proposed full-day program is more beneficial to the Student than his current altered school day.

29. As a remedy, the ALJ ordered the District to:

    a. Revise the Student's IEP to include an altered school day so that he can continue to participate in ABA services; and

    b. Revise the Student's IEP to include AAD handling services, at public expense, to support the Student's use of an AAD at school.

5

30. In *Texas Teachers Ass'n v. Garland Ind. Sch. Dist.*, 489 U.S. 782, 892-793 (1989), the United States Supreme Court held that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties."

31. In *Johnson v. Bismarck Public Sch. Dist.*, 949 F.2d 1000, 1003 (8th Cir. 1991), the Eighth Circuit Court of Appeals noted, "[t]he initial question is . . . whether [the plaintiff] was a prevailing party, that is, did [the plaintiff] succeed on any significant issue . . . which achieve(d) some benefit [the plaintiff] sought in filing [the plaintiffs'] due process complaint?"

32. The Due Process Hearings concluded in a favorable, enforceable decision for the Plaintiffs on June 30, 2023. The Plaintiffs are therefore the prevailing parties.

33. The Defendant must now provide the Plaintiffs with AAD handling services, at public expense, to support the Student's use of an AAD at school.  The ALJ's Order, therefore, results in material alteration of the legal relationship of the parties.

34. The ALJ granted the Plaintiffs the primary benefits they sought through the Due Process Hearings – namely staff support for the Student's AAD and an altered school day so that the Student can continue to participate in ABA therapy.  The Plaintiffs therefore succeeded on significant issues and achieved the benefits they sought in the Due Process Hearings.

35. From September 20, 2022 to the present, excluding work on this Complaint, the Plaintiffs have incurred $57,930.00 in attorneys' fees.

36. The Plaintiffs' attorneys' fees range from $285/hour for lead counsel, $225/hour for associate attorneys, and $180/hour for certified student attorneys.

37. The Plaintiffs' attorneys' fees are reasonable.

38. The Plaintiffs' attorneys' fees are "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  20 U.S.C. § 1415(i)(3)(c).

39. The Plaintiffs' attorneys' fees calculation contains no bonus or multiplier.  20 U.S.C. § 1415(i)(3)(c).

40. The Plaintiffs' attorneys' fees calculation does not include any attorneys' fees "relating to any meeting of the IEP Team."  20 U.S.C. § 1415(i)(3)(d)(ii).

41. The Plaintiffs' attorneys' fees calculation does not include any attorneys' fees related to a resolution session.  20 U.S.C. § 1415(i)(3)(d)(iii).

42. The Plaintiffs' attorneys' fees calculation does not include any clerical time, travel time, or duplicative time.

43. The Plaintiffs continue to incur additional attorneys' fees in the preparation, filing, and prosecution of this Complaint.  Pursuant to *Ind. Sch. Dist. No. 283 v. S.D.*, 948 F.Supp. 892, 897 (D. Minn., 1996), fees incurred in preparing a fee petition "entitle an award of fees."

V.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request that this Court:

1. Determine that the Plaintiffs were the prevailing party in the administrative Due Process Hearings, having obtained an order from the ALJ that resulted in a material alteration of the legal relationship of the parties and provided a benefit the Plaintiffs sought through the Due Process Hearings;

2. Determine that the Plaintiffs' attorneys' fees are reasonable;

3. Determine that the Plaintiffs' attorneys' fees are recoverable;

4. Order the Defendant to pay the Plaintiffs' $57,930.00 in attorneys' fees;

5. Order the Defendant to pay the Plaintiffs' reasonable attorneys' fees incurred in preparing and prosecuting this Complaint;

6. Order the Defendant to pay the Plaintiffs' pre- and post-judgment interest at the rate of 6%; and

7. Order such further relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED,

AUTISM ADVOCACY & LAW CENTER, LLC

Date: July 26, 2023

_____
Jason Schellack, License No. 0391579
Attorney for the Plaintiffs
901 North Third Street, Suite 120
Minneapolis, MN 55421
Tel. 612.200.9920
Email: jason@autismlawcenter.com